UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VICOR CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> LUXSHARE PRECISION INDUSTRY CO., LTD., DONGGUAN LUXSHARE TECHNOLOGY CO., LTD. a/k/a LUXSHARE-TECH, SHANGHAI PEIYUAN ELECTRONICS CO., LTD. d/b/a METAPWR ELECTRONICS CO., LTD. and SHANGHAI METAPWR ELECTRONICS CO., LTD. <br><br> Defendants. | Civil Action No. <br><br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement in which Vicor Corporation makes the following allegations against Luxshare Precision Industry Co., Ltd., Dongguan Luxshare Technology Co., Ltd. a/k/a Luxshare-Tech, and Shanghai Peiyuan Electronics Co., Ltd. d/b/a MetaPWR Electronics Co., Ltd. and Shanghai MetaPWR Electronics Co., Ltd. ("MetaPWR") each of whom is a manufacturer and/or distributor who, without authority, makes, imports, uses, offers for sale, and/or sells in the United States certain power converters, circuit board assemblies and/or computing systems containing the same that infringe U.S. Patent No. 12,395,087 ("the '087 Patent").

**PARTIES**

**Vicor**

1.     Plaintiff Vicor Corporation ("Plaintiff" or "Vicor") is a Delaware corporation with

its principal place of business at 25 Frontage Road, Andover, MA 01810. Vicor is a NASDAQ-listed public company that was founded in 1981 by Dr. Patrizio Vinciarelli in Massachusetts. Dr. Vinciarelli, the lead inventor of the patent asserted in this Complaint, remains Vicor's CEO to this day. Headquartered in the United States, Vicor is a leading provider of high-performance power modules and systems for use in advanced computing applications—like powering advanced processors in server motherboards, artificial intelligence accelerator cards and systems, and server rack power conversion for use in datacenters. Vicor is the owner of all rights, title, and interest in and to the Asserted Patent.

**Defendants**

2.  On information and belief, Luxshare Precision Industry Co., Ltd. is a Chinese public company with its principal place of business at 313 Beihuan Road, Qingxi Town, Dongguan, Guangdong, 52364, China, and is the parent corporation of the Luxshare brand. *See Luxshare Precision Industry Co., Ltd. Annual Report 2023* 7, Luxshare-ICT (April 2024), https://www.cninfo.com.cn/new/disclosure/detail?orgId=9900014448&announcementId=1220108907&announcementTime=2024-05-21 (last accessed Dec. 26, 2025). Luxshare Precision Industry describes itself on its website as "providing integrated intelligent solutions, parts, modules and systems for enterprise communication products…consumer electronic products…and automobile systems." *About Us*, Luxshare-ICT, https://www.luxshare-ict.com/en/about/company-profile.html [https://perma.cc/M62F-R3NE] (last visited Dec. 26, 2025). The company publicly positions itself as part of the artificial intelligence "frontier" by providing "enterprise-level solutions of high-speed connectivity, thermal management, and power management." *Communications and Data Centers*, Luxshare-ICT, https://www.luxshare-ict.com/en/solution/data-communicate/data-centers.html [https://perma.cc/7WVE-LFXU] (last

visited Dec. 26, 2025). These power management solutions include the accused products relevant to this case. On information and belief, Luxshare-Precision Industry Co., Ltd. makes, uses, offers to sell, and/or sells within the United States, and/or imports into the United States, the accused Luxshare products. On information and belief, Luxshare-Precision Industry Co., Ltd. does business itself, or through its subsidiaries, affiliates, and agents, in the State of Texas and the Eastern District of Texas, including Dongguan Luxshare Technology Co., Ltd. a/k/a Luxshare-Tech.

3. On information and belief, Luxshare Precision Industry Co., Ltd. ("Luxshare-ICT") has multiple subsidiaries over which it exercises a substantial degree of control. Of these, one is named in the Complaint: Dongguan Luxshare Technology Co., Ltd. a/k/a Luxshare-Tech, described further below. The Complaint uses "Luxshare" and "Luxshare Defendants" to refer collectively to Luxshare Precision Industry Co., Ltd. and its named subsidiary.

4. On information and belief, Dongguan Luxshare Technology Co., Ltd. a/ka Luxshare-Tech ("Luxshare-Tech") is a Chinese company with the Guangdong business address 8th Floor, Digital Technology Industrial Park, CIMC Industrial City, No. 1 Yile Road, Songshan Lake High-Tech Zone, Dongguan City, Guangdong, PRC. It provides DC-DC power conversion modules, such as the accused products. *See Power*, LuxshareTech, https://en.luxshare-tech.com/products/rack-power.html [https://perma.cc/J9MG-LBC4] (last visited Dec. 26, 2025). On information and belief, Luxshare-Tech makes, uses, offers to sell, and/or sells within the United States, and/or imports into the United States, the accused products, throughout the United States, including in Texas.

5. On information and belief, Shanghai Peiyuan Electronics Co., Ltd. d/b/a MetaPWR Electronics Co., Ltd. and Shanghai MetaPWR Electronics Co., Ltd. ("MetaPWR") is a Chinese

company with its company address at Building 6, Lane 288, Haiji 6th Road, Lingang New Area, China (Shanghai) Pilot Free Trade Zone. MetaPWR specializes in manufacturing "high-power-density power module[s]," such as the accused products in this case. *See* About Us, MetaPWR, https://www.metapwr.cn/en/guanyuwomen [https://perma.cc/M2KW-8ER6] (last visited Dec. 26, 2025). On information and belief, MetaPWR makes, uses, offers to sell, and/or sells within the United States, and/or imports into the United States, the accused products.

6. On information and belief, the Luxshare Defendants and MetaPWR market the same power converter under two different names: the Luxshare LX6310 and the MetaPWR MT6310.

7. On information and belief, the Defendants distribute, import, offer for sale, and/or sell in the State of Texas and the Eastern District of Texas certain power converters, circuit board assemblies, and/or computing systems containing the same that infringe the '087 Patent, contribute to such patent infringement by making, using, selling, offering to sell within the United States, or importing into the United States certain power converters, circuit board assemblies and/or computing systems containing the same that incorporate or constitute a material part of the inventions claimed, and/or induce others to commit acts of patent infringement in the State of Texas and the Eastern District of Texas, as described further herein.

8. On information and belief, the Defendants do business themselves, and/or through their subsidiaries, affiliates, and agents, in the State of Texas and the Eastern District of Texas and have placed the accused products into the stream of commerce throughout the State of Texas and/or in the Eastern District of Texas.

9. Through offers to sell, sales, importations, distributions, and other related agreements with affiliates, distributors, and customers operating in and maintaining a significant

4

business presence in the U.S. and/or via their subsidiaries maintaining such a presence, including via wholly owned (directly or indirectly), consolidated, and controlled subsidiaries, the Defendants do business in the United States, the State of Texas, and in this District.

## JURISDICTION AND VENUE

10. This is an action for patent infringement arising under the patent laws of the United States. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. Pursuant to 28 U.S.C. §§ 1391(b)–(c), venue is proper in this District for the Defendants. The Defendants are foreign corporations not resident in the United States, and thus are subject to venue in any judicial district, including this District.

12. This Court has personal jurisdiction over each Defendant because each Defendant has either (A) established minimum contacts with this forum state by having conducted business in and committed acts of patent infringement in this District and/or the State of Texas, contributed to acts of patent infringement in this District and/or the State of Texas, and/or induced others to commit acts of patent infringement in this District and/or the State of Texas, such that the exercise of jurisdiction over each Defendant would not offend the traditional notions of fair play and substantial justice pursuant to due process and the Texas Long Arm Statute, or (B) established minimum contacts with the United States as a whole, but not a single state, such that the exercise of jurisdiction over each Defendant would not offend the traditional notions of fair play and substantial justice pursuant to Fed. R. Civ. P. 4(k)(2).

13. The Luxshare Defendants conduct substantial business with entities and individuals in the State of Texas and the Eastern District of Texas by, among other things: (A) making, using, selling, offering to sell, and/or importing products that infringe the '087 Patent, both through their own infringing activities and those committed vicariously through and/or in concert with their alter

egos, intermediaries, agents, distributors, importers, customers, subsidiaries, and/or consumers, which purposely avail the Luxshare Defendants of the privilege of conducting those activities in this state and this District; and (B) regularly doing or soliciting business in this District, providing service and support to their customers in this District, deriving substantial revenue from infringing goods offered for sale, sold, and imported in or to this District, and/or engaging in other persistent conduct targeting residents of Texas both through their own conduct and/or in concert with or through their alter egos, intermediaries, agents, distributors, importers, customers, subsidiaries, and/or consumers.

14. On information and belief, the Luxshare Defendants do business themselves, and/or through their subsidiaries, affiliates, and agents in the United States. For example, Luxshare-Tech's website offers the opportunity to connect with Luxshare-Tech's global engineering and sales teams, noting that "Luxshare-Tech empowers partners worldwide … [b]acked by our Luxshare Group." *Contact Us*, Luxshare-Tech, https://en.luxshare-tech.com/company/contact.html [https://perma.cc/AR5R-EJSA] (last visited Dec. 26, 2025). There is an option to check a box on the contact form indicating that the potential customer is located in "US/Global," showing that Luxshare is servicing the U.S. market. *Id.* Plus, Luxshare-Tech attended the Open Compute Project Global Summit ("OCP Summit") in the United States in October 2025 to advertise its power products, including the accused products. And Luxshare-ICT has a service branch in the United States to support United States customers. *See About Us*, Luxshare-ICT, https://www.luxshare-ict.com/en/about/company-profile.html [https://perma.cc/GU5J-RRXM] (last visited Dec. 26, 2025).

15. On information and belief, the Luxshare Defendants do business themselves, and/or through their subsidiaries, affiliates, and agents in the State of Texas and the Eastern District of

Texas. Luxshare-ICT has a meaningful Texas presence. For the sixteen years leading up to May 2025, Luxshare-ICT's Global Marketing Director was based in Austin, Texas. *See Jose Castillo*, LinkedIn, https://www.linkedin.com/in/josue-castillo-6894b34/ (last visited Dec. 26, 2025). Luxchare-ICT currently employs multiple people in Texas including two in the Eastern District of Texas, with the titles Tech Sales Manager and Assistant Vice President Product Group. *See* Chase Ji, LinkedIn, https://www.linkedin.com/in/chase-ji-0196a4128/ (last visited Dec. 22, 2025); Sean O'Neal, LinkedIn, https://www.linkedin.com/in/sean-o-neal-2769b24/ (last visited Dec. 22, 2025); Stan Tang, LinkedIn, https://www.linkedin.com/in/stan-tang-b22566227/ (last visited Dec. 22, 2025). Such presence and activities further the manufacture, use, sale, offers to sell, and/or importation of the infringing Luxshare products in the United States and Texas. Through their own conduct and their direction and control of their subsidiaries, affiliates, and/or partners, the Luxshare Defendants have committed acts of direct and/or indirect patent infringement within Texas, and/or elsewhere in the United States, giving rise to this action and/or have established minimum contacts with Texas such that personal jurisdiction over them would not offend traditional notions of fair play and substantial justice.

16. On information and belief, Luxshare makes, uses, offers to sell, sells, and/or imports in/into the State of Texas and the Eastern District of Texas certain power converters, circuit board assemblies, and/or computing systems that infringe the '087 Patent, contributes to such patent infringement by making, using, selling, offering to sell within the United States, or importing into the United States power converters, circuit board assemblies, and/or computing systems that incorporate or constitute a material part of the inventions claimed, and/or induces others to commit acts of patent infringement in the State of Texas and the Eastern District of Texas, as described further herein.

17. On information and belief, each Luxshare Defendant places the accused power converters, circuit board assemblies, and/or computing systems containing the same into the stream of commerce via authorized and established distribution channels with the knowledge and expectation that they will be sold in the State of Texas, including in this District, and does not otherwise permit the sale of the accused power converters, circuit board assemblies, and/or computing systems containing the same in the State of Texas, or in this District, outside of these established, authorized, and ratified distribution channels and networks.

18. On information and belief, MetaPWR does business itself, and/or through its subsidiaries, affiliates, and agents in the United States. MetaPWR places the accused power converters, circuit board assemblies, and/or computing systems containing the same into the stream of commerce via authorized and established distribution channels with the knowledge and expectation that they will be sold into the United States, including in the State of Texas.

## SINGLE ACTION

19. This suit is commenced against Defendants pursuant to 35 U.S.C. § 299 in a single action because (a) a right to relief is asserted against Defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, and/or selling of the same accused products or processes, and (b) questions of fact common to all Defendants will arise in the action.

20. Plaintiff is informed and believes, and on that basis alleges, that each named Defendant manufactures, imports, uses, offers for sale, and/or sells overlapping products and processes accused in this action.

## THE ASSERTED PATENT

21. This action asserts causes of action for infringement of U.S. Patent No. 12,395,087 ("the '087 Patent"). U.S. Patent No. 12,395,087 is a valid and enforceable United States Patent. Vicor owns the entire right, title, and interest to the '087 Patent.

23. On August 19, 2025, the U.S. Patent and Trademark Office duly and legally issued the '087 Patent, which is entitled "Power Distribution Architecture with Series-Connected Bus Converter." Plaintiff holds all rights and title to the Patent, including the sole and exclusive right to bring a claim for its infringement. A true and correct copy of the Patent is attached. **Exhibit 1.**

24. The '087 Patent generally claims[1] Non-Isolated Intermediate Bus Architecture (IBA) power distribution using a class of fixed ratio converters ("NBMs") which are non-isolated. NBMs enable superior power system density and efficiency.

25. The below figures from the patent show Non-Isolated IBA power distribution using the NBM to provide an intermediate bus to a multiplicity of regulators and a Sine Amplitude Converter ("SAC") embodiment of the NBM. The first image shows prior art Isolated IBA. The second image shows a functional block diagram of the NBM, replacing the isolated bus converter of IBA, to enable a Non-Isolated IBA power distribution architecture with higher efficiency and density. The third image shows an exemplary SAC embodiment of the NBM.

---

[1] The Non-Technical Descriptions throughout the Complaint do not, and are not intended to, construe or limit the '087 Patent's scope or meaning.







## FACTUAL ALLEGATIONS

26. As referred to in this Complaint, and consistent with 35 U.S.C. § 100(c), the "United States" means "the United States of America, its territories and possessions."

27. Each Defendant does not have any right to practice the intellectual property protected by the '087 Patent.

28. Each Defendant makes, uses, imports, offers to sell, and/or sells in the United States products made in accordance with the '087 Patent—including, but not limited to, the Luxshare LX6310 and/or the MT6310, and circuit board assemblies and/or computing systems containing the same—and/or induces others to commit acts of patent infringement in the United States.

29. On information and belief, the LX6310 and MT6310 are the same power converter module under different names: (1) Luxshare labeled a display as the "LX6310," but the product actually on display was marked as the "MT6310," *see* **Exhibit 4**; (2) the two modules appear the same externally; (3) the two modules are both identified as the 6310; (4) the two modules have the same technical specifications based on publicly available information; and (5) competitor intelligence suggests that the modules are identical.

## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 12,395,087

30. Plaintiff repeats and incorporates by reference each preceding paragraph as if fully set forth herein and further states:

31. On information and belief, the Luxshare Defendants make, use, offer to sell, and/or sell within the United States certain Accused Products, such as the LX6310 and the MT6310, which directly infringe, literally and/or under the doctrine of the equivalents, at least claims 1, 2, 4, 9, 11, 13–19, 24, 25, 28–39, 41, 43–48, 60, 68-71, 73, 74, 76, 77, 80–83, and 94 of the '087

Patent in violation of 35 U.S.C. § 271(a). A non-limiting and exemplary claim chart comparing independent claims 1, 68, 85, and 89 of the '087 Patent to the LX6310 and the MT6310, including photographs and drawings where applicable, is attached as **Exhibit 2**, with supporting materials at **Exhibit 3**.

32. On information and belief, MetaPWR makes, uses, offers to sell, and/or sells within the United States certain Accused Products, such as the MT6310, which directly infringe, literally and/or under the doctrine of the equivalents, at least claims 1, 2, 4, 9, 11, 13–19, 24, 25, 28–39, 41, 43–48, 60, 68-71, 73, 74, 76, 77, 80–83, and 94 of the '087 Patent in violation of 35 U.S.C. § 271(a). A non-limiting and exemplary claim chart comparing independent claims 1, 68, 85, and 89 of the '087 Patent to the MT6310, including photographs and drawings where applicable, is attached as **Exhibit 2**, with supporting materials at **Exhibit 3**.

33. On information and belief, all the Defendants also knowingly and intentionally induce infringement of at least claims 1–20, 24, 25, 28–39, 41–50, 60–62, 68–74, 76, 77, 80–85, 87–90, and 94 of the '087 Patent in violation of 35 U.S.C. § 271(b). No later than as of the filing and service of this Complaint, the Defendants have had knowledge of the '087 Patent and the infringing nature of the accused products. Despite this knowledge of the '087 Patent, the Defendants continue to actively encourage and instruct their customers and end users (for example, through its marketing and technical support) to use the accused products in ways that directly infringe the '087 Patent literally and/or under the doctrine of equivalents. The Defendants do so knowing and intending that their customers and end users will commit these infringing acts. The Defendants also continue to make, use, import, offer for sale, and/or sell the accused products, despite their knowledge of the '087 Patent, thereby specifically intending for and inducing its customers to infringe the '087 Patent through the customers' normal and customary use of the

accused products.

34.     On information and belief, the Defendants also contributorily infringe the '087 Patent in violation of 35 U.S.C. § 271(c) by making, using, selling, offering to sell within the United States, and/or importing into the United States power converters, circuit board assemblies, and/or computing systems containing the same that incorporate or constitute a material part of the inventions claimed by the '087 Patent. The Defendants do so knowing that these components are especially made or especially adapted for uses that infringe the '087 Patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

34.     The Defendants committed the foregoing infringing activities without license from Vicor. The Defendants' acts of infringement have damaged Vicor, as owner of the '087 Patent. Vicor is entitled to recover from the Defendants the damages it has sustained as a result of their wrongful acts in an amount subject to proof at trial. The Defendants' infringement of Vicor's rights under the '087 Patent will continue to damage Vicor.

## **DEMAND FOR JURY TRIAL**

35.     Plaintiff Vicor hereby demands a jury trial for all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Vicor requests entry of judgment in its favor and against Defendants as follows:

A.  Declaring that the Defendants have each infringed United States Patent No. 12,395,087;

B.  Awarding damages to Plaintiff in an amount no less than a reasonable royalty for each Defendant's infringement of United States Patent No. 12,395,087, together with prejudgment and post-judgment interest and without limitation under 35 U.S.C. § 287;

C. Declaring that the Defendants' infringement of United States Patents No. 12,395,087 has been willful and deliberate, at least from the filing of this Complaint;

D. Injunctive relief precluding the Defendants from ongoing infringement of United States Patents No. 12,395,087, or, in the alternative, an ongoing royalty for each Defendant's continued infringement of United States Patent No. 12,395,087;

E. Awarding attorney's fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

F. Awarding such other costs and further relief as the Court may deem just and proper.

Dated: January 9, 2026         Respectfully submitted,

/s/ Oleg Elkhunovich
Oleg Elkhunovich
California Bar No. 269238
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
Email: VICORII-ITC@susmangodfrey.com

Steven Seigel
Washington Bar No. 53960
Jenna Farleigh*
Washington Bar. No. 47392
Andres Healy
Washington Bar. No. 45578
SUSMAN GODFREY LLP
401 Union Street, Suite 3000
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
Email: VICORII-ITC@susmangodfrey.com

Dinis Cheian*
New York Bar Registration No. 5958152
SUSMAN GODFREY LLP
One Manhattan West
New York, NY 10001-8602
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
Email: VICORII-ITC@susmangodfrey.com

Isabella Soparkar*
Texas Bar No. 24150831
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
Email: VICORII-ITC@susmangodfrey.com

Louis S. Mastriani*
DC Bar No. 386820
Lloyd Smith*
DC Bar No. 454606
Buchanan Ingersoll & Rooney PC
1700 K Street N.W., Suite 300
Washington, D.C. 20006-3807
Telephone: (202) 407-7900
Facsimile: (202) 452-7989
VICORII-ITC@bipc.com

Deron R. Dacus
Texas State Bar No. 00790553
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Facsimile: (903) 581-2543
ddacus@dacusfirm.com

S. Calvin Capshaw
Texas State Bar No. 03783900
ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
Texas State Bar No. 05770585
ederieux@capshawlaw.com
CAPSHAW DERIEUX LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770

*Counsel for Vicor Corporation*
*\*pro hac vice pending*